# IN THE COURT OF APPEALS OF IOWA

No. 16-1015
Filed February 8, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSHUA DAVID JONES,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve (plea) and Marlita A. Greve (sentencing), Judges.

Joshua Jones argues his trial counsel was ineffective in failing to ensure his guilty pleas were knowing and voluntary. **AFFIRMED.**

Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Joshua Jones appeals after pleading guilty pursuant to an agreement with the State. He argues his trial counsel was ineffective in failing to ensure his guilty pleas were knowing and voluntary. Because Jones has failed to establish trial counsel breached a duty that resulted in prejudice, we affirm.

## I. Background Facts and Proceedings.

Jones pled guilty to charges of failing to comply with sex offender registry requirements, second or subsequent offense, as an habitual offender, and voluntary absence from custody. In exchange, the State agreed to dismiss two additional charges Jones faced. A written memorandum of the guilty plea set out the agreement. Regarding sentencing, the memorandum states:

> State recommends 15 years incarceration on Count 1 and one year incarceration on Count 4, to be served consecutively to each other and consecutively to the sentence imposed in Scott County Case No. FECR353790 for which [Jones] was on parole at the time of these offenses. [Jones] is free to make any recommendation as to whether sentences are to be served consecutively or concurrently.

After a hearing, the court accepted Jones's guilty pleas. The court sentenced Jones to fifteen years on the failure-to-comply charge and one year on the voluntary-absence charge. The court ordered the sentences to run concurrently but consecutive to the sentence for Jones's prior conviction. The court also fined Jones $750 on the failure-to-comply charge and suspended a $315 fine on the voluntary-absence charge. Jones appeals.

## II. Ineffective Assistance of Counsel Claims.

Jones alleges for the first time on appeal that his plea was not knowing and voluntary because the court failed to ensure that he understood the minimum

and maximum mandatory sentences for the crimes to which he pled guilty. *See* Iowa R. Crim. P. 2.8(2)(b)(2) (stating the court shall not accept a guilty plea without first determining the defendant understands the mandatory minimum punishment and the maximum possible punishment provided by statute). Because Jones never filed a motion in arrest of judgment challenging his convictions on this basis, he raises this claim under an ineffective-assistance-of-counsel rubric, arguing his trial counsel was ineffective in failing to file a motion in arrest of judgment based on the district court's failure to ensure his plea was knowing and voluntary. *See State v. Straw*, 709 N.W.2d 128, 132-33 (Iowa 2006) (noting that failure to file a motion in arrest of judgment will ordinarily bar direct appeal of a defendant's guilty plea unless that failure resulted from ineffective assistance of trial counsel).

We review ineffective-assistance-of-counsel claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To succeed on a claim of ineffective assistance, a defendant must show (1) defense counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Counsel breaches an essential duty by failing to file a motion in arrest of judgment to challenge a plea that is not knowingly and voluntarily made. *See Straw*, 709 N.W.2d at 136. To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have [pled] guilty and would have insisted on going to trial." *Id.* (citation omitted). Unless the defendant proves both elements, the ineffective-assistance claim fails. *See Clay*, 824 N.W.2d at 495. Although we ordinarily preserve ineffective-assistance claims for postconviction-relief proceedings, we

find the record here is adequate to resolve Jones's claim on direct appeal. *See id.* at 494.

### A. Prison sentence.

Jones first claims the district court failed to inform him that he faced a fifteen-year prison sentence on the charge of failing to comply with the sex offender registry requirements, as an habitual offender, but the record belies his claim. He notes that during the plea colloquy, the court informed him that the maximum penalty for a class "D" felony if he was *not* an habitual offender would be a term of up to five years in prison. However, the court went on to state that because Jones was pleading guilty to the charge with an habitual offender sentencing enhancement, "the actual penalty would be up to fifteen years" on the failure-to-comply charge "with a mandatory minimum of three years." When asked if he understood, Jones responded affirmatively.

The record shows the court informed Jones of the maximum sentence for the failure-to-comply charge. Because the court ensured Jones understood he faced a fifteen-year prison sentence by pleading guilty to the failure-to-comply charge, counsel had no duty to file a motion in arrest of judgment on this basis.

### B. Surcharge and fine.

During the plea colloquy, the court also informed Jones that the penalty for pleading guilty to failure to comply with the sex offender registry requirements included "a fine up to $7500." Jones complains the court failed to make him aware of the mandatory 35% surcharge or the $750 minimum mandatory fine on the charge. We agree the district court failed to comply with this requirement. *See State v. Fisher*, 877 N.W.2d 676, 685-86 (Iowa 2016) (holding the

mandatory 35% surcharge is a penalty the court must inform the defendant of under rule 2.8(2)(b)(2)). Although we utilize a substantial compliance standard in determining whether a plea comports with the requirements of rule 2.8(2)(b)(2), the question of whether failing to disclose a surcharge—on its own—would meet the substantial compliance threshold remains undecided. *See id.* at 682, 686 n.6.

Even if we assume the court fell short of substantially complying with 2.8(2)(b)(2) by failing to inform Jones of the mandatory surcharge and minimum fine, Jones is unable to show the requisite prejudice to succeed on his ineffective-assistance claim. Jones pled guilty knowing he faced fines of up to $7500 and $1875 on the respective charges. It is not reasonably probable—in fact virtually inconceivable—that Jones would not have pled guilty to the two charges and would have insisted on going to trial if he had known he would be required to pay a 35% surcharge and, at a minimum, a fine of $750. This is especially true where Jones faced two additional felony charges for failure to comply with sex offender registry requirements with habitual offender enhancements—each carrying an additional fifteen-year sentence upon conviction—if he had pled not guilty and insisted on going to trial.

**C. Summary.**

Trial counsel was not ineffective in failing to file a motion in arrest of judgment following Jones's guilty pleas. Counsel had no duty to file a motion in arrest of judgment based on the district court's failure to inform him of the prison sentence he faced on the failure-to-comply charge where the record shows the court addressed the matter during the plea colloquy. To the extent counsel had a

duty to object to the court's failure to address the mandatory surcharge and minimum fine Jones faced, Jones is unable to establish the necessary prejudice. Accordingly, we affirm.

**AFFIRMED.**